# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**197**

**KA 04-03053**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WILLIE J. DELANCY, DEFENDANT-APPELLANT.

---

MICHAEL P. STACY, ROCHESTER, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered October 4, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that the evidence of his possession of the weapon is legally insufficient to support the conviction. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant constructively possessed the firearm in question by exercising dominion and control over the area from which the firearm was seized (*see* § 10.00 [8]; *People v Manini*, 79 NY2d 561, 572-573). Defendant further contends that the verdict is repugnant inasmuch as he was acquitted of criminal possession of a controlled substance in the seventh degree (§ 220.03). We reject that contention as well (*see generally People v Tucker*, 55 NY2d 1, 4, *rearg denied* 55 NY2d 1039). Supreme Court properly charged the jury that, in order to find defendant guilty of criminal possession of a weapon in the third degree, it must find that defendant "knowingly possesse[d] any *firearm*," while with respect to criminal possession of a controlled substance in the seventh degree the jury had to find that defendant "knowingly and unlawfully possesse[d] a *controlled substance*," including heroin. Here, the jury was entitled to find that defendant exercised dominion and control over the firearm, which was found near

his person, but not over the heroin, which was located further away from his person.