■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHAVER, Appellant. [938 NYS2d 358]—

Peters, J.P.

We reject defendant's contention that his waivers of the right to appeal were invalid. Our review of the plea colloquys reveals that County Court distinguished the right to appeal from the rights forfeited by defendant's guilty pleas and defendant acknowledged his understanding of the waivers. Further, defendant signed written waivers in open court that acknowledged that counsel had explained the ramifications of the waivers. Accordingly, we find that defendant validly waived his right to appeal (*see People v Benson*, 87 AD3d 1228, 1228 [2011]; *People v Wicks*, 83 AD3d 1223, 1224 [2011], *lv denied* 17 NY3d 810 [2011]). Defendant's valid waivers of the right to appeal preclude his contention that the sentence imposed on the perjury conviction was harsh or excessive (*see People v Richardson*, 83 AD3d 1290, 1292 [2011], *lv denied* 17 NY3d 821 [2011]; *People v Dishaw*, 81 AD3d 1035, 1037 [2011], *lv denied* 16 NY3d 858 [2011]).

Defendant also contends, and the People concede, that the expiration dates of the orders of protection issued by County Court were calculated incorrectly. While defendant did not preserve this contention for review due to his failure to raise it before County Court (*see People v Nugent*, 31 AD3d 976, 978 [2006], *lv denied* 8 NY3d 925 [2007]), we will exercise our interest of justice jurisdiction to modify the relevant judgment (*see* CPL 470.15 [6] [a]). As relevant here, the duration of an order of protection cannot exceed "eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed" (CPL 530.13 [4] [A] [ii]). Further, in setting the expiration date, County Court must determine the jail time credit to which defendant is entitled (*see People v Roman*, 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005]; *see also* Penal Law § 70.30 [3]). Here, the orders of protection, which expire in March 2025, were issued pursuant to defendant's conviction for criminal contempt, for which he was sentenced to an indeterminate sentence with a maximum of four years. Therefore, the expiration dates exceed the statutory limit. Accordingly, we remit the matter to County Court for a new determination of the duration of the orders, taking into consideration any jail time credit defendant may have earned, which is unclear from the record (*see People v Nugent*, 31 AD3d at 978; *People v Roman*, 13 AD3d at 1116).

Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered

that the judgment convicting defendant of the crime of criminal contempt in the first degree is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as fixed the duration of the orders of protection; matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, said orders of protection shall remain in full force and effect; and, as so modified, affirmed.

Ordered that the judgment convicting defendant of perjury in the first degree is affirmed.