# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

346

KA 11-02603

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER SHARP, DEFENDANT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR DEFENDANT-APPELLANT.

CHRISTOPHER SHARP, DEFENDANT-APPELLANT PRO SE.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Terrence M. Parker, A.J.), rendered November 22, 2011. The judgment convicted defendant, upon a jury verdict, of criminal trespass in the second degree, criminal contempt in the first degree (three counts), possession of burglar's tools and custodial interference in the second degree and, upon his plea of guilty, of driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Cattaraugus County Court for further proceedings.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [i], [c]) and one count of custodial interference in the second degree (§ 135.45 [1]). We reject the contention of defendant that County Court erred in denying that part of his omnibus motion seeking to sever counts eight and nine from the first seven counts of the indictment. The counts were properly joined inasmuch as "they are 'defined by the same or similar statutory provisions and consequently are the same or similar in law' " (*People v Davis*, 19 AD3d 1007, 1007, *lv denied* 21 AD3d 1442, quoting CPL 200.20 [2] [c]), and defendant " 'failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever' " (*People v Ogborn*, 57 AD3d 1430, 1430, *lv denied* 12 NY3d 786; *see* CPL 200.20 [3]).

Defendant further contends that the court erred in denying that part of his omnibus motion seeking to dismiss count eight of the indictment because the factual allegations in the indictment, as

amplified by the bill of particulars, were insufficient as a matter of law to support a charge of custodial interference in the second degree. We reject that contention. As relevant here, a person is guilty of custodial interference in the second degree when, "[b]eing a relative of a child less than sixteen years old, intending to hold such child permanently or for a protracted period, and knowing that he has no legal right to do so, he takes or entices such child from his lawful custodian" (Penal Law § 135.45 [1]). The indictment, as amplified by the bill of particulars and responses to a notice to produce, alleged that on or about October 19, 2010, defendant took the child from his mother, the child's lawful custodian; transported the child to Niagara Falls, New York; and kept the child in Niagara Falls overnight in violation of an order of protection permitting defendant to have only limited supervised visitation with the child. We conclude that those allegations fall within the "plain, natural meaning" of custodial interference as defined by Penal Law § 135.45 (1) (*People v Ditta*, 52 NY2d 657, 660; *see People v Morel*, 164 AD2d 677, 680-681, *lv denied* 78 NY2d 971). The sentence is not unduly harsh or severe.

Defendant's remaining contentions are raised in his pro se supplemental brief. Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction of criminal contempt in the first degree as charged in counts five and nine of the indictment (*see People v Gray*, 86 NY2d 10, 19; *see also People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). Defendant also failed to preserve for our review his contention that the court violated CPL 300.10 with respect to those counts, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant likewise failed to preserve for our review his contention that the verdict was inconsistent inasmuch as he failed to object to the alleged inconsistency before the jury was discharged (*see People v Semrau*, 77 AD3d 1436, 1437-1438, *lv denied* 16 NY3d 746; *People v Camacho*, 70 AD3d 1393, 1393, *lv denied* 14 NY3d 886). In any event, that contention is without merit (*see People v Delancy*, 81 AD3d 1446, *lv denied* 17 NY3d 794; *see generally People v Tucker*, 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039).

We agree with defendant, however, that the court erred in setting the expiration date of the order of protection in excess of the maximum legal duration. Although defendant failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317; *People v Mingo*, 38 AD3d 1270, 1271), we exercise our power to review it as a matter of discretion in the interest of justice (*see Mingo*, 38 AD3d at 1271; *see also* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to specify in the order of protection an expiration date in accordance with CPL 530.12 (5). Further, as defendant notes, the certificate of conviction incorrectly reflects that he was convicted of two counts of criminal trespass in the second degree. It must therefore be amended to reflect that he was convicted of a single count of criminal trespass in the second degree (*see People v Anderson*, 79 AD3d 1738, 1739, *lv denied* 16 NY3d 856).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court