Egan Jr., J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 2, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Following an altercation with his girlfriend, defendant was charged in a felony complaint with criminal possession of a controlled substance in the third degree and — in a related misdemeanor information — with assault in the third degree. Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with one count of criminal possession of a controlled substance in the third degree.* Defendant thereafter waived his right to appeal and pleaded guilty to one count of criminal possession of a controlled substance in the fifth degree. During the course of the sentencing proceeding, the People asked for a no-contact order of protection in favor of defendant’s girlfriend. Defendant raised no objection to the issuance of the order of protection and took no position with respect to the duration thereof, asking only that County Court consider issuing a no-harassment order of protection instead. County Court sentenced defendant as a second felony offender to a prison term of three years, followed by V-fe years of post-release supervision, and issued a no-contact order of protection in favor of defendant’s girlfriend — set to expire on November 1, 2024. This appeal by defendant ensued.
We affirm. Although defendant’s challenge to the validity and duration of the underlying order of protection survives his waiver of the right to appeal (see People v Smith, 83 AD3d 1213, 1213 [2011]), County Court’s claimed violation of CPL former 530.13 (4) does not give rise to a nonwaivable jurisdictional defect (cf. People v Konieczny, 2 NY3d 569, 572-574 [2004]; People v Ellison, 106 AD3d 419, 420 [2013], lv denied 21 NY3d 1004 [2013]; People v Trombley, 91 AD3d 1197, 1200 [2012], lv denied 21 NY3d 914 [2013]). Accordingly, having raised no objection at the time of sentencing, defendant’s assertion that County Court erred in issuing the order of protection in the first instance (see People v Nieves, 2 NY3d 310, 315-317 [2004]; People v Morris, 82 AD3d 908, 909-910 [2011], lv denied 17 NY3d 808 [2011]) and in fixing the duration thereof (see People v Said, 105 AD3d 1392, 1393 [2013], lv denied 21 NY3d 1019 [2013]; People v Khan, 101 AD3d 903, 903 [2012], lv denied 20 NY3d 1100 [2013]; People v Nickel, 97 AD3d 983, 984 [2012], lv denied 20 *1061 NY3d 1013 [2013]; People v Maxineau, 78 AD3d 732, 732 [2010], lv denied 16 NY3d 744 [2011]), as well as defendant’s claim that the subject order was not part of the underlying plea agreement (see People v Myers, 46 AD3d 1028, 1029 [2007], lv denied 10 NY3d 814 [2008]; People v Reid, 21 AD3d 1215, 1216 [2005]), have not been preserved for our review. Finally, given the particular facts of this case, we decline defendant’s invitation to exercise our interest of justice jurisdiction to take corrective action.
Lahtinen, J.E, Stein and Spain, JJ., concur. Ordered that judgment is affirmed.

 The record fails to reflect the disposition of the assault charge.