*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                105661
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
        v                                MEMORANDUM AND ORDER

JASON C. HOPPER,
                    Appellant.
_____

Calendar Date:  November 17, 2014

Before:  Peters, P.J., Rose, Egan Jr. and Lynch, JJ.

_____

        John P.M. Wappett, Public Defender, Lake George (Marcy I. Flores of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee B. Davenport of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 3, 2012, convicting defendant upon his plea of guilty of the crimes of attempted strangulation in the second degree and criminal contempt in the second degree.

        As the result of a domestic dispute, defendant was charged in an indictment with a number of crimes.  In satisfaction of the indictment, he pleaded guilty to attempted strangulation in the second degree, a class E felony, and criminal contempt in the second degree, a class A misdemeanor.  In addition, he waived his right to appeal and consented to the entry of an order of protection in favor of his wife and young child.  In accordance with the plea agreement, he was sentenced on October 3, 2012 to

1⅓ to 4 years in prison for attempted strangulation in the second degree and one year in jail for criminal contempt in the second degree, to run concurrently. The sentence included an order of protection prohibiting defendant from having contact with his wife or child until October 3, 2024. Defendant now appeals.

Defendant contends that the duration of the order of protection exceeded the statutorily authorized time period (see CPL 530.12 [5]) and failed to take into account his jail time credit. Although not precluded by his waiver of the right to appeal, defendant has not preserved this challenge due to his failure to raise it before County Court (see People v Sharp, 104 AD3d 1325, 1327 [2013], lv denied 21 NY3d 1009 [2013]; People v Crowley, 34 AD3d 866, 867 [2006], lv denied 7 NY3d 924 [2006]). Nevertheless, under the circumstances presented, we will exercise our discretion to modify the judgment in the interest of justice (see People v Sharp, 104 AD3d at 1327; People v Crowley, 34 AD3d at 867; see also CPL 470.15 [6] [a]).

CPL 530.12 (5) provides, in relevant part, that the duration of an order of protection "shall be fixed by the court and: (A) in the case of a felony conviction, shall not exceed the greater of: (i) eight years from the date of such sentencing, or (ii) eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed." Contrary to defendant's claim, the expiration date of the order of protection was in compliance with the statute insofar as October 3, 2024 was eight years from October 3, 2016, the expiration of the maximum term of defendant's indeterminate prison term. The People, however, concede that defendant's jail time credit of 239 days was not taken into account in calculating the expiration date as it should have been (see People v DeFazio, 105 AD3d 1438, 1439 [2013], lv denied 21 NY3d 1015 [2013]; People v Nugent, 31 AD3d 976, 978 [2006], lv denied 8 NY3d 925 [2007]). In view of this, the matter must be remitted to County Court for a new determination with respect to the expiration date of the order of protection.

Peters, P.J., Rose and Egan Jr., JJ., concur.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court