*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    106604
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

MICHAEL GARDNER,
                        Appellant.
_____

Calendar Date:  June 1, 2015

Before:  Lahtinen, J.P., Lynch, Devine and Clark, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered January 7, 2014, convicting defendant
upon his plea of guilty of the crime of burglary in the second
degree.

        In satisfaction of charges contained in three felony
complaints stemming from two residential burglaries and
defendant's possession of a small amount of heroin, defendant
waived indictment and pleaded guilty to burglary in the second
degree as charged in a superior court information.  Pursuant to
the plea agreement, which included an appeal waiver, defendant
was sentenced to a six-year prison term, followed by five years
of postrelease supervision, and orders of protection and
restitution orders were issued.  Defendant appeals.

Initially, defendant argues that the expiration dates of the orders of protection were calculated incorrectly in that County Court did not take into consideration the jail time credit to which he is entitled for the reported 13 months that he was in jail before he began this sentence.[1]  Since the duration of the orders of protection was first disclosed at sentencing after defendant executed a waiver of appeal at the plea proceedings, this claim survives the appeal waiver (see People v Crowley, 34 AD3d 866, 867 [2006], lv denied 7 NY3d 924 [2006]).  However, this challenge to the orders of protection, which does not implicate the legality of the sentence, is unpreserved due to defendant's failure to raise it at sentencing (see People v Nieves, 2 NY3d 310, 316-317 [2004]; People v Shaver, 92 AD3d 978, 979 [2012], lv denied 18 NY3d 998 [2012]).  We decline to exercise our interest of justice jurisdiction to modify the judgment (see CPL 470.15 [6] [a]; People v Loffler, 111 AD3d 1059, 1060 [2013]) because defendant and his counsel, aware that he had been incarcerated for a lengthy period of time and would receive jail time credit, should have raised this issue at sentencing.  Such practice would have allowed "defendant to return after [the Department of Corrections and Community Supervision] calculated his jail time credit so that the orders could be amended to reflect changes in defendant's release date,

---

[1]  As relevant here, the duration of the orders of protection cannot exceed "eight years from the date of the expiration of the . . . term of a determinate sentence of imprisonment actually imposed" (CPL 530.13 [4] [A] [ii]), including postrelease supervision (see People v Lancaster, 121 AD3d 1301, 1305 [2014], lv denied 24 NY3d 1121 [2015]). Defendant's 11-year sentence — six years in prison plus five years of postrelease supervision — combined with the eight years allowed by statute permitted an expiration date of 2033. Factoring in the jail time credit for time served while the action was pending would result in his release from jail earlier than the sentencing court expected, requiring that the orders of protection be adjusted so as not to exceed that maximum 19 years (see People v Nieves, 2 NY3d 310, 313 [2004]).

if appropriate" (<u>People v Nieves</u>, 2 NY3d at 318).[2]  Moreover, as the People point out, were we to exercise our discretion, we would be required to remit the matter because defendant did not make a record and we are unable to ascertain the precise amount of jail time credit to which he is entitled (<u>see</u> <u>People v Shaver</u>, 92 AD3d at 979).

Defendant also challenges the amount of restitution ordered as unsupported by the record.  Given that the plea agreement contemplated restitution but did not specify the amount to be awarded, this challenge is not precluded by the appeal waiver (<u>see</u> <u>People v Leone</u>, 101 AD3d 1352, 1353 [2012], <u>lv denied</u> 21 NY3d 913 [2013]; <u>People v Smith</u>, 100 AD3d 1102, 1102 [2012]).  While the claim was not preserved for our review inasmuch as defendant did not request a hearing or otherwise challenge the amount awarded at the time of sentencing (<u>see</u> <u>id.</u>; <u>see also</u> <u>People v Horne</u>, 97 NY2d 404, 414 n 3 [2002]), we deem it "appropriate to exercise our discretion to take corrective action in the interest of justice" (<u>People v Lyman</u>, 119 AD3d 968, 970 [2014]).  At sentencing, the People stated that restitution would total $2,379.30, which the court indicated would be imposed in two orders.  However, the record contains three restitution orders totaling over $6,000 and the uniform sentence and commitment form reflects restitution of $4,006.  Further, the record lacks documentation to support the restitution award of $2,163 to one of the victims while the third restitution order for $1,843 appears to relate to that victim's insurer.  However, the record does not reflect if the claim was ever paid or if it

---

[2]  As the Court of Appeals has directed, "[b]ecause sentencing courts are in the best position to amend permanent orders of protection, the better practice — and best use of judicial resources — is for a defendant seeking adjustment of such an order to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (<u>People v Nieves</u>, 2 NY3d at 317; <u>see</u> <u>People v Crowley</u>, 34 AD3d at 868).

may duplicate the victim's award.[3]  In light of the foregoing, the matter must be remitted for a restitution hearing or redetermination of restitution (see Penal Law § 60.27 [2]; CPL 400.30).  Defendant's remaining challenge to the waiver of appeal is rendered academic.

Lahtinen, J.P., Lynch and Devine, JJ., concur.


ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as ordered restitution; matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[3]  The "conference flow sheet" to which reference was made at the plea proceedings is not in the record on appeal.