*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 24, 2016                 107110
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JOSEPH J. BELILE,
                        Appellant.
_____

Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Susan Patnode, Rural Law Center of New York, Castleton
(Cynthia Feathers of counsel), for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered September 2, 2014, convicting
defendant upon his plea of guilty of the crime of attempted
assault in the second degree.

        Following an altercation at the St. Lawrence County
Correctional Facility on August 13, 2013 between defendant, an
inmate and another inmate, defendant was indicted for assault in
the second degree.  The victim died of unrelated causes prior to
trial and defendant's ensuing trial resulted in a hung jury.  On
the day scheduled for the retrial, defendant accepted a plea
agreement that included a waiver of appeal, whereby he pleaded
guilty to the reduced charge of attempted assault in the second

degree. The plea agreement also satisfied several unrelated pending or potential criminal charges for which defendant was in and out of jail throughout 2013, and required restitution for each matter. Defendant was thereafter sentenced, consistent with the plea agreement, to a prison term of 2 to 4 years, as an admitted second felony offender, restitution was ordered and orders of protection were issued. Defendant now appeals.

Initially, contrary to defendant's contentions, we find that his combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; cf. People v Bradshaw, 18 NY3d 257, 265 [2011]). The minutes of the plea proceedings reflect that when the terms of the plea agreement were outlined, County Court specified that an appeal waiver was a condition of the deal, and defendant confirmed that he understood the terms and thereafter agreed, without qualification, that he was voluntarily waiving his right to appeal. The court ascertained that defendant understood that he was giving up his right to appeal, explained the appellate rights that could not be waived and expressly advised him that the appeal waiver was separate and distinct from those rights that he automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d at 256; People v Rubio, 133 AD3d 1041, 1042 [2015]). Defendant then executed a written waiver of appeal in open court, which adequately described the scope of the appellate rights that he was waiving and included defendant's acknowledgment that he had sufficient time to discuss the waiver with counsel. While the better practice would have been for the court to specifically ask defendant if he had discussed the appeal waiver with counsel and establish that he had read the written waiver before signing it (see People v Elmer, 19 NY3d 501, 510 [2012]; People v Callahan, 80 NY2d 273, 283 [1992]; People v Rabideau, 130 AD3d 1094, 1095 [2015]), considering "all [of] the relevant facts and circumstances surrounding the waiver," including defendant's experience (People v Sanders, 25 NY3d at 340 [internal quotation marks and citation omitted]), we are satisfied that the oral colloquy, combined with the written waiver, demonstrate his understanding and voluntary waiver of his right to appeal (see People v Bradshaw, 18 NY3d at 266-267; People v Ramos, 7 NY3d 737, 738 [2006]). Consequently, the valid appeal waiver

precludes defendant's challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256; People v Jackson, 129 AD3d 1342, 1342 [2015]).

Next, defendant argues that County Court incorrectly calculated the expiration date of the permanent orders of protection by failing to factor in jail time credit (see Penal Law § 70.30 [3]). While this issue survives the appeal waiver (see People v Gardner, 129 AD3d 1386, 1387 [2015]), it was not preserved for our review due to defendant's failure to raise it before the sentencing court (see People v Nieves, 2 NY3d 310, 316-317 [2004]; People v Hopper, 123 AD3d 1234, 1235 [2014]). Defendant may directly address this issue before the trial court, and, under the circumstances presented, we decline to exercise our interest of justice jurisdiction to take corrective action. Defendant's remaining claims have been reviewed and determined to lack merit.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court