(May 18, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT CLARK, Appellant. [55 NYS3d 766]—

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered September 13, 2013, convicting defendant upon his plea of guilty of the crime of aggravated criminal contempt.

In satisfaction of an eight-count indictment stemming from his violation of an order of protection on several occasions, defendant pleaded guilty to aggravated criminal contempt as charged in the first count. Pursuant to the plea agreement, defendant waived his right to appeal during the plea allocution and signed a written waiver of appeal. County Court thereafter imposed the agreed-upon sentence of five years of probation, the first six months to be served in jail, and issued a full stay-away order of protection in favor of the victim in effect until September 13, 2021. Defendant appeals.

Defendant argues that the eight-year duration of the permanent order of protection exceeds the maximum five-year duration then permitted (see CPL former 530.13 [4]), and that County Court further incorrectly calculated the expiration date of the order by failing to take into consideration the jail time credit to which he is entitled (see Penal Law § 70.30 [3]). Because the duration of the order of protection was not disclosed prior to defendant executing the waiver of appeal, this claim survives the appeal waiver (see People v Belile, 137 AD3d 1460, 1462 [2016]; People v Loffler, 111 AD3d 1059, 1060 [2013]). Ordinarily, this claim, which does not implicate the legality of the sentence, must be preserved by an objection at or before sentencing (see People v Nieves, 2 NY3d 310, 316-317 [2004]; People v Belile, 137 AD3d at 1462). Here, however, the record does not reflect that the duration of the order was disclosed to defendant or to defense counsel at any point prior to or during sentencing. As such, defendant had no practical ability to register a timely objection to the duration of the order and, accordingly, preservation was not required (see gener-

*ally People v Williams*, 27 NY3d 212, 221 [2016]; *People v Conceicao*, 26 NY3d 375, 381-382 [2015]).

With regard to the duration of the order of protection, defendant is correct that, at the time of his sentencing, the relevant statute provided that the duration of the order, "in the case of a felony conviction, shall not exceed . . . five years from the date of such sentencing" (CPL former 530.13 [4] [A] [i]; *see People v Nieves*, 2 NY3d at 313). Accordingly, the order of protection should be adjusted to provide that it expires on September 13, 2018. To the extent that defendant seeks a further correction of the expiration date of the order of protection to factor in his jail time credit (*see* Penal Law § 70.30 [3]), this claim was not preserved due to his failure to request this relief at sentencing, despite an opportunity to do so and an awareness that he had been in jail prior to sentencing and would be entitled to receive jail time credit (*see People v Belile*, 137 AD3d at 1462; *People v Gardner*, 129 AD3d 1386, 1387-1388 [2015]). Given the failure to raise this issue in County Court, a record was not made of the precise jail time credit to which defendant is entitled (*see People v Gardner*, 129 AD3d at 1388) and, as defendant may address this issue before County Court, we decline to exercise our interest of justice jurisdiction to modify the order in this regard (*see* CPL 470.15 [6] [a]; *People v Belile*, 137 AD3d at 1462).

Peters, P.J., McCarthy, Garry, Egan Jr. and Lynch, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as fixed the duration of the order of protection; matter remitted to the County Court of Ulster County for issuance of a new order of protection and, pending said proceedings, said order of protection shall remain in full force and effect; and, as so modified, affirmed.