People v Cuttler (2020 NY Slip Op 01402)





People v Cuttler


2020 NY Slip Op 01402


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

109097

[*1]The People of the State of New York, Respondent,
v
Tinker Cuttler, Appellant.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered December 16, 2016, convicting defendant upon his plea of guilty of the crimes of rape in the second degree and criminal sexual act in the second degree.
In April 2016, defendant was charged in 23-count indictment with four counts of rape in the second degree, two counts of incest in the second degree, five counts of incest in the third degree, 11 counts of criminal sexual act in the second degree and endangering the welfare of a child. Defendant pleaded guilty to rape in the second degree and criminal sexual act in the second degree in satisfaction of the indictment and waived his right to appeal. He was thereafter sentenced, in accordance with the plea agreement, to a prison term of five years, to be followed by six years of postrelease supervision, for his conviction of rape in the second degree and a prison term of five years, to be followed by six years of postrelease supervision, for his conviction of criminal sexual act in the second degree, to run consecutively. Defendant appeals.
We affirm. Defendant's sole contention is that County Court erred when it issued a permanent order of protection in favor of, among others, a minor member of the victim's family. A review of the plea colloquy reveals that County Court informed defendant that this order of protection was part of the plea agreement, defendant indicated that he understood and thereafter waived his right to appeal and pleaded guilty. Defendant has not challenged the validity of the plea or the appeal waiver and, inasmuch as the record establishes that the order of protection was disclosed to defendant as part of his plea agreement prior to both the plea colloquy and his waiver of the right to appeal, the appeal waiver encompasses his present challenge to the order of protection, precluding our review (see People v Fontaine, 144 AD3d 1658, 1658 [2016], lv denied 29 NY3d 997 [2017]; compare People v Clark, 155 AD3d 1184, 1185 [2017]). In any event, this claim is also unpreserved as he did not object to the order of protection during the plea colloquy or at sentencing and did not move to amend the order (see CPL 470.05 [2]; People v Gardner, 129 AD3d 1386, 1387 [2015]; People v Loffler, 111 AD3d 1059, 1060 [2013]).
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.