People v Donnelly (2021 NY Slip Op 06393)





People v Donnelly


2021 NY Slip Op 06393


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

111197
[*1]The People of the State of New York, Respondent,
v
Howard E. Donnelly II, Appellant.

Calendar Date:October 22, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 3, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the fourth degree and another crime. Defendant thereafter executed a waiver of the right to appeal and pleaded guilty to criminal possession of a controlled substance in the fourth degree, in satisfaction of other pending charges and two uncharged drug sales. At sentencing, the People asked for an order of protection in favor of three named individuals related to a trespass charge [FN1] that was resolved by the plea agreement and, after some discussion, a recess was taken to procure the orders. Following the break, County Court indicated that it had signed three permanent, no-contact orders of protection, which defendant signed at that time, indicating that he understood their meaning. Consistent with the plea agreement, County Court sentenced defendant, as an acknowledged second felony drug offender, to a prison term of seven years to be followed by three years of postrelease supervision and issued the orders of protection. This appeal by defendant followed.
We affirm. Initially, contrary to defendant's contention, the record of the plea allocution reflects that his combined oral and written waiver of appeal, signed in open court after conferring with counsel, was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). Given defendant's valid appeal waiver, which was recited as a condition of the plea agreement, he is foreclosed from challenging the agreed-upon sentence as harsh and excessive (see People v Pacherille, 25 NY3d 1021, 1023—1024 [2015]; People v Lopez, 6 NY3d at 256; People v Botts, 191 AD3d 1044, 1045 [2021], lv denied 36 NY3d 1095 [2021]).
Defendant argues, for the first time on appeal, that the orders of protection were not authorized by CPL 530.13 (4) in that they were not issued for the protection of witnesses or victims of the crime to which he pleaded guilty. As the orders were first mentioned on the record during the sentencing proceeding, the challenge to their validity survives defendant's waiver of appeal executed at the plea proceedings (see People v Gardner, 129 AD3d 1386, 1387 [2015]; People v Loffler, 111 AD3d 1059, 1060 [2013]). However, this claim gives rise to a nonjurisdictional defect that was forfeited by defendant's guilty plea (see People v Konieczny, 2 NY3d 569, 574 [2004]; People v Loffler, 111 AD3d at 1060). Although defendant indicated at sentencing that he was not familiar with the names of the protected persons after defense counsel stated that defendant did not know them, no objection was raised to the issuance of the orders of protection on the [*2]ground now raised, despite an opportunity to do so prior to the imposition of the sentence (see People v Huntley, 177 AD3d 1032, 1033 [2019], lv denied 34 NY3d 1131 [2020]; see also People v Williams, 27 NY3d 212, 222-223 [2016]; cf. People Conceicao, 26 NY3d 375, 381-383 [2015]). Accordingly, as defendant's challenge to the orders of protection does not implicate the exception to the preservation requirement for illegal sentences (see People v Nieves, 2 NY3d 310, 315-317 [2004]) and was not raised at sentencing, it is unpreserved for our review (see People v Huntley, 177 AD3d at 1033; People v Gardner, 129 AD3d at 1387; People v Loffler, 111 AD3d at 1060-1061). Under the facts and circumstances of this case, we decline to exercise our interest of justice jurisdiction to take corrective action (see CPL 470.15 [3] [c]; People v Clark, 155 AD3d 1184, 1185-1186 [2017]). Defendant's remaining claims lack merit.
Garry, P.J., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The trespass charge stemmed from defendant's alleged conduct in entering a home in the middle of the night and awakening the sleeping occupants while, among other things, going through their belongings.