People v Jones (2022 NY Slip Op 01480)





People v Jones


2022 NY Slip Op 01480


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

110288B
[*1]The People of the State of New York, Respondent,
v
Jermaine M. Jones, Appellant.

Calendar Date:February 4, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Marshall Nadan, Kingston, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.



Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered March 8, 2018, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with assault in the second degree stemming from his actions in intentionally discharging a gun, injuring his wife. Pursuant to the plea agreement, the People committed to a joint sentencing recommendation of seven years in prison and defendant was required to waive his right to appeal. County Court sentenced defendant, consistent with the agreement, to a prison term of seven years, to be followed by two years of postrelease supervision. Defendant appeals.[FN1]
We affirm. Defendant argues that the waiver of appeal is invalid and challenges the sentence as harsh and excessive.[FN2] Although a waiver of appeal was not initially contemplated as a condition of the plea offer, defendant was thereafter afforded several months to consider the plea terms, which were summarized in a nine-page guilty plea document that included a separately numbered advisement regarding the right to appeal and a waiver of appeal provision. During the subsequent plea allocution, defendant acknowledged that he had signed the document after reviewing it with counsel and initialed each provision including the waiver of appeal, swore to the truth of that document and signed it again in open court. County Court then advised defendant of his right to appeal and emphasized that a waiver of the right to appeal was a separate and distinct requirement of the plea agreement, explaining the consequences of the waiver and distinguishing it from the trial-related rights defendant would be automatically forfeiting by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hemingway, 192 AD3d 1266, 1266 [2021], lvs denied 37 NY3d 956, 960 [2021]). Defendant acknowledged that he understood the waiver and had sufficient time to discuss it with counsel, and orally agreed to waive his right to appeal. Although the practice of inserting a waiver of appeal in a lengthy written guilty plea document is disfavored given the potential that the separate and distinct nature of the waiver will be less than clear (see People v Thomas, 153 AD2d 1445, 1446 [2017], lv denied 30 NY3d 1064 [2017]; People v Breault, 150 AD3d 1548, 1549 [2017]), on this record, we are satisfied that the combined oral and written waiver made clear the separate and distinct nature of the appeal waiver and that defendant understood both its meaning and consequences (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Donnelly, 199 AD3d 1167, 1168 [2021]). The record contains no support for defendant's claim that he was pressured to sign the waiver, as he faced the same type of situational pressure confronted by all accused persons who are offered a plea agreement conditioned on such a waiver, which did not undermine its voluntariness[*2](see People v Seaberg, 74 NY2d 1, 8-9 [1989]; People v Blanford, 179 AD3d 1388, 1392 [2020], lv denied 35 NY3d 968 [2020]; People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]). Given defendant's valid waiver of appeal, he is precluded from challenging the agreed-upon, lawful sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256).
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: This Court previously granted defense counsel's application to withdraw and assigned new counsel to represent defendant on appeal (195 AD3d 1233 [2021]).

Footnote 2: Although defendant agreed to and received the maximum prison sentence for assault in the second degree, a class D violent felony (see Penal Law §§ 70.02 [1] [c]; [2] [b]; [3] [c]; 120.05 [2]), he received a benefit in exchange for his waiver of appeal, namely, the People's agreement not to pursue an indictment on more serious attempted murder and other charges. Accordingly, the waiver of appeal is not unenforceable on that basis (see People v Sanchez, 164 AD3d 1545, 1546-1547 [2018], lv denied 32 NY3d 1115 [2018]).