People v Foote (2022 NY Slip Op 06656)

People v Foote

2022 NY Slip Op 06656

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

112478
[*1]The People of the State of New York, Respondent,
v
Judson B. Foote Jr., Appellant.

Calendar Date:October 20, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered July 27, 2020, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
In February 2020, defendant waived indictment and consented to prosecution by superior court information charging him with two counts of sexual abuse in the first degree, criminal sexual act in the first degree and rape in the first degree. Defendant pleaded guilty to rape in the first degree in exchange for a determinate prison term of between six and seven years, to be followed by 15 years of postrelease supervision, with the understanding that certain orders of protection would be issued. Defendant was required to waive his right to appeal as part of this negotiated plea. County Court thereafter sentenced defendant to a prison term of seven years, to be followed by 15 years of postrelease supervision, and issued orders of protection for the benefit of six individuals with an expiration date in 2055. Defendant appeals.
We are initially unpersuaded by defendant's challenge to the validity of his appeal waiver. County Court advised defendant during the plea colloquy that an appeal waiver was a condition of his plea, explained that the right to appeal was separate and distinct from the rights automatically forfeited by his guilty plea, and further clarified that certain issues would survive the appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Sims, 207 AD3d 882, 883 [3d Dept 2022]; People v Hall, 204 AD3d 1228, 1228 [3d Dept 2022]). Defendant proceeded to execute a detailed written waiver in open court, and he affirmed to County Court both that he had read and understood that waiver and that he had discussed it with counsel to his satisfaction (see People v Grimshaw, 207 AD3d 959, 959 [3d Dept 2022]; People v Lapoint, 201 AD3d 1258, 1258 [3d Dept 2022], lv denied 38 NY3d 1008 [2022]). We are therefore satisfied that defendant's appeal waiver was knowing, voluntary and intelligent (see People v Grimshaw, 207 AD3d at 959; People v Person, 184 AD3d 447, 447 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]). By waiving the right to appeal, defendant has foregone review of whether the sentence is harsh or excessive (see People v Lopez, 6 NY3d at 255-256; People v Jean-Pierre, 203 AD3d 1226, 1227-1228 [3d Dept 2022], lv denied 38 NY3d 1033 [2022]).
Defendant further argues that County Court erred in issuing orders of protection in favor of unauthorized individuals (see CPL 530.12 [5]; 530.13 [4]). Assuming, without deciding, that this argument survives his appeal waiver despite the fact that the issuance of orders of protection was a component of the plea agreement, it is unpreserved for our review in the absence of any pertinent objection at sentencing (see People v Donnelly, 199 AD3d 1167, 1168 [3d Dept 2021]; People v Cuttler, 180 AD3d 1221, 1222 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]; People v Loffler, 111 AD3d 1059, 1060-1061[*2][3d Dept 2013]).
Finally, defendant argues, and the People concede, that the duration of the orders of protection issued by County Court exceeds that allowed by statute (see CPL 530.12 [5]; 530.13 [4]; see generally People v Williams, 19 NY3d 100 [2012]). This issue survives defendant's appeal waiver as the duration of the orders of protection was not placed on the record prior to his guilty plea and appeal waiver, and we deem it to have been preserved by his request at sentencing that the duration of the orders be reduced (compare People v Gardner, 129 AD3d 1386, 1387 [3d Dept 2015]; People v Hopper, 123 AD3d 1234, 1235 [3d Dept 2014]). Thus, the matter must be remitted to County Court for a new determination as to the expiration date of the orders of protection (see People v Hopper, 123 AD3d at 1235).
Lynch, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing so much thereof as fixed the duration of the orders of protection; matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.