People v Dobbs (2023 NY Slip Op 03514)

People v Dobbs

2023 NY Slip Op 03514

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

112717 
[*1]The People of the State of New York, Respondent,
v
Jerome T. Dobbs, Appellant.

Calendar Date:May 26, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ. 

Rural Law Center of New York, Inc. Plattsburgh (Kristin A. Bluvas of counsel) for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered January 8, 2021, convicting defendant upon his plea of guilty of the crime of unlawful manufacturing of methamphetamine in the third degree.
Defendant waived indictment and consented to be prosecuted by a superior court information, ultimately pleading guilty to one count of unlawful manufacturing of methamphetamine in the third degree. As part of the plea agreement, defendant was required to waive the right to appeal. County Court thereafter sentenced defendant, as a second felony drug offender, to four years in prison plus two years of postrelease supervision, to be served as a sentence of parole supervision in the Willard drug treatment program. Defendant appeals.
Defendant contends that his waiver of the right to appeal is invalid. We disagree. Although the record reflects that defendant tested positive for the presence of marihuana and amphetamines in his system on the day that he entered his guilty plea and appeal waiver, he affirmed in response to County Court's inquiries that he was able to understand and participate in the proceedings. Moreover, our review of the record fails to disclose any indication that defendant suffered from an impairment so as to impact the voluntariness of the appeal waiver. Further, defendant was advised that an appeal waiver was a condition of the plea agreement and County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea and expressly delineated the appellate rights that survive the waiver (see People v Ashley, 211 AD3d 1174, 1174 [3d Dept 2022]; People v Cook, 208 AD3d 1508, 1509 [3d Dept 2022]). Defendant then executed a written waiver of appeal that identified various appellate rights that were waived and those that were retained, and he affirmed that he had discussed the waiver with counsel and understood its ramifications (see People v Foote, 210 AD3d 1311, 1312 [3d Dept 2022]; People v Grimshaw, 207 AD3d 959, 959 [3d Dept 2022]). In view of the foregoing, we conclude that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v McCoy, 198 AD3d 1021, 1022 [3d Dept 2021], lv denied 37 NY3d 1162 [2022]; People v Guerrero, 194 AD3d 1258, 1260 [3d Dept 2021], lv denied 37 NY3d 992 [2021]). Given defendant's valid appeal waiver, he is precluded from challenging the sentence as unduly harsh or severe (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Perry, 213 AD3d 1000, 1002 [3d Dept 2023], lv denied 39 NY3d1143[2023]).
Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.