People v Thomas-Jandrew (2024 NY Slip Op 03202)

People v Thomas-Jandrew

2024 NY Slip Op 03202

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

112544
[*1]The People of the State of New York, Respondent,
v
Desheila Renee Thomas- Jandrew, Appellant.

Calendar Date:May 24, 2024

Before:Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered July 1, 2020, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant pleaded guilty to criminal possession of a controlled substance in the third degree in satisfaction of a two-count indictment and agreed to waive her right to appeal. Pursuant to the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of four years followed by two years of postrelease supervision to be served consecutive to any unexpired parole time. Defendant appeals.
We are unpersuaded that defendant's waiver of her right to appeal is invalid. County Court advised defendant that the waiver of her right to appeal is separate and distinct from those rights forfeited by her guilty plea and explicitly identified various rights that survive the appeal waiver, which defendant acknowledged she understood. The written appeal waiver thereafter executed by defendant in open court, which she acknowledged she had read, reviewed with counsel and understood, also set forth that the waiver of the right to appeal is separate and distinct and that various rights survive. We are satisfied that the record reflects that defendant knowingly, voluntarily and intelligently waived her right to appeal (see People v Dobbs, 217 AD3d 1276, 1277 [3d Dept 2023]; People v Rayder, 214 AD3d 1124, 1124 [3d Dept 2023]; People v Foote, 210 AD3d 1311, 1312 [3d Dept 2022]). As such, defendant's challenge to the severity of the sentence imposed is foreclosed by the valid appeal waiver (see People v Brown, 37 NY3d 940, 941-942 [2021]; People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Dobbs, 217 AD3d at 1277).
Aarons, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.