People v Mathous (2024 NY Slip Op 03357)

People v Mathous

2024 NY Slip Op 03357

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

113009
[*1]The People of the State of New York, Respondent,
v
Paul J. Mathous, Appellant.

Calendar Date:May 24, 2024

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

Appeal from a judgment of the County Court of St. Lawrence County (John F. Richey, J.), rendered August 4, 2021, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
Defendant entered a guilty plea to the first count of a superior court information charging him with rape in the third degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of four years followed by 15 years of postrelease supervision. Defendant appeals.
We are unpersuaded that defendant's waiver of his right to appeal is invalid. In addition to County Court informing defendant that the waiver of the right to appeal is separate and distinct from the rights forfeited by the guilty plea, the court also explained that certain appellate rights could not be waived, expressly identifying various retained appellate rights — all which defendant acknowledged he understood. Further, defendant executed a written appeal waiver in open court after assuring the court that he had read, understood and reviewed it with counsel and had no questions. In view of the foregoing, the record reflects that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Dobbs, 217 AD3d 1276, 1277 [3d Dept 2023]; People v Rayder, 214 AD3d 1124, 1124 [3d Dept 2023]; People v Foote, 210 AD3d 1311, 1312 [3d Dept 2022]). Given the validity of defendant's appeal waiver, his challenge to the sentence as harsh or severe is foreclosed (see People v Pacherille, 25 NY3d 1021, 1024 [2015]; People v Dobbs, 217 AD3d at 1277; People v Rayder, 214 AD3d at 1124).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed.