People v White (2020 NY Slip Op 04345)





People v White


2020 NY Slip Op 04345


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110305

[*1]The People of the State of New York, Respondent,
v
Alonte J. White, Appellant.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered March 1, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant was charged in an indictment with multiple crimes after he and a codefendant forcibly stole money from an intoxicated man and inflicted injuries requiring him to be hospitalized. In satisfaction thereof, defendant pleaded guilty to robbery in the first degree and was required to waive his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 10 years in prison, followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant contends that his waiver of the right to appeal was invalid. Based upon our review of the record, we disagree. County Court advised defendant of the trial-related rights that he was forfeiting by pleading guilty and distinguished the right to appeal as separate and distinct from these rights (see People v Weidenheimer, 181 AD3d 1096, 1096-1097 [2020]; People v Diggs, 178 AD3d 1203, 1204 [2019], lv denied 34 NY3d 1158 [2020]). Defendant affirmatively stated that he wanted to waive his right to appeal and then reviewed the written appeal waiver with counsel in open court. After doing so, he communicated to County Court that he understood the waiver, had signed it and did not have any questions (see People v Weidenheimer, 181 AD3d at 1097; People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied 32 NY3d 1201 [2019]). The written waiver reiterated that it was separate and distinct from the other rights that defendant automatically forfeited upon pleading guilty and encompassed any challenge to the severity of the sentence (see People v Loffler, 178 AD3d 1152, 1153 [2019]; People v Barragan, 178 AD3d 1150, 1151 [2019]). Under these circumstances, and as we discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]; People v Barrales, 179 AD3d 313, 314 [2020]), we find that it is valid and forecloses defendant's claim that the sentence is harsh and excessive (see People v Couse, 178 AD3d 1207, 1208 [2019], lv denied 35 NY3d 941 [2020]; People v Cannelli, 173 AD3d 1567, 1568 [2019]).
Garry, P.J., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.