People v Pugliese (2020 NY Slip Op 04348)





People v Pugliese


2020 NY Slip Op 04348


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

110714

[*1]The People of the State of New York, Respondent,
v
Jennifer M. Pugliese, Appellant.

Calendar Date: June 26, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered December 1, 2017, convicting defendant upon her plea of guilty of the crime of promoting prison contraband in the first degree.
Defendant was found to be in possession of a narcotic drug while she was incarcerated and was charged in an indictment with, among other things, promoting prison contraband in the first degree. She pleaded guilty to this crime in satisfaction of the indictment and was required to waive her right to appeal. In accordance with the terms of the plea agreement, she was sentenced as a second felony offender to 2 to 4 years in prison, to run consecutively to the sentence that she was then serving. Defendant appeals.
Defendant contends that her waiver of the right to appeal was invalid and does not foreclose her from challenging the sentence as harsh and excessive. Based upon our review of the record, we disagree. During the plea colloquy, County Court explained the trial-related rights that defendant was relinquishing by pleading guilty and made it clear that the right to appeal was separate and distinct from these rights (see People v Weidenheimer, 181 AD3d 1096, 1096-1097 [2020]; People v Diggs, 178 AD3d 1203, 1204 [2019], lv denied 34 NY3d 1158 [2020]). When defendant asked if she had to waive her right to appeal, the court explained that this was part of the plea agreement. In addition, after reviewing the written appeal waiver with counsel in open court, defendant stated that she read and understood it, and that she had affixed her signature (see People v Weidenheimer, 181 AD3d at 1097; People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied 32 NY3d 1201, 1204 [2019]). The written appeal waiver reiterated that it was separate and distinct from those rights that were automatically forfeited upon defendant's guilty plea (see People v Crawford, 181 AD3d 1057, 1058 [2020]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]), and specifically encompassed her challenge to the sentence. Under the circumstances presented, and given that we discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]; People v Barrales, 179 AD3d 1313, 1314 [2020]), we conclude that it was valid. Consequently, defendant is precluded from challenging the severity of the sentence (see People v Salmon, 179 AD3d 1404, 1404-1405 [2020]; People v Cannelli, 173 AD3d 1567, 1568 [2019]).
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.