People v Blanchard (2020 NY Slip Op 06824)





People v Blanchard


2020 NY Slip Op 06824


Decided on November 19, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

108322

[*1]The People of the State of New York, Respondent,
v
Doc M. Blanchard, Appellant.

Calendar Date: October 13, 2020

Before: Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ.


Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Aarons, J.
Aarons, J.
Appeals (1) from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered August 19, 2015, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree, and (2) from an order of said court (Sober, J.), entered February 27, 2019, which denied defendant's motion to settle the record.
In a September 2014 indictment, defendant was charged with robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree, menacing in the second degree and harassment in the second degree. In full satisfaction thereof, defendant pleaded guilty to a reduced charge of attempted robbery in the first degree and waived his right to appeal, both orally and in writing. Consistent with the terms of the plea agreement, County Court (Ceresia, J.) imposed upon defendant, as a second felony offender, a prison sentence of eight years, to be followed by five years of postrelease supervision. Defendant's subsequent motion to settle the record was denied by County Court (Sober, J.) in a February 2019 decision and order, prompting these appeals.
Initially, with regard to County Court's denial of defendant's motion to settle the record, the People did not oppose many of defendant's proposed amendments concerning an unrelated incident (see People v La Motte, 276 AD2d 931, 932 [2000]). Defendant, however, has failed to demonstrate that the requested videotape ever existed and that the remaining proposed amendments were ever considered by, or part of the record before, County Court (Ceresia, J.). Under these circumstances, we find no abuse of discretion in the denial of defendant's motion to settle the record (see 22 NYCRR former 800.7; People v La Motte, 276 AD2d at 932-933; People v Hummer, 217 AD2d 713, 714 [1995], lv denied 86 NY2d 843 [1995]; see also 22 NYCRR 850.7 [b] [2] [iii]; 1250.7).
Contrary to his contention, defendant validly waived his right to appeal. The record reflects that defendant was advised at the outset of the plea proceeding that the waiver of his right to appeal was a condition of the plea agreement, and defendant indicated his understanding of this condition and that he had no questions (see People v Cannelli, 173 AD3d 1567, 1567-1568 [2019]; People v Vanalst, 171 AD3d 1349, 1350 [2019], lv denied 33 NY3d 1109 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). During the plea colloquy, County Court distinguished the right to appeal as separate and distinct from the other trial-related rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Danielson, 170 AD3d 1430, 1431 [2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]; People v Tucker, 164 AD3d 948, 949 [2018]). In addition, the written waiver executed by defendant in open court after conferring with counsel made clear that the waiver of the right to appeal was separate from those rights automatically forfeited upon a plea of guilty and that he was giving up his right to appeal from his conviction and sentence (see People v Crawford, 181 AD3d 1057, 1058 [2020]; People v Boyette, 175 AD3d 751, 752 [2019], lv denied 34 NY3d 979 [2019]). Although the written waiver contained some overbroad language, the record reflects that the counseled defendant was aware of the fact that "not all appellate rights can be waived, and we are satisfied that 'defendant understood the distinction that some appellate rights survived'" (People v Brunson, 185 AD3d 1300, 1300 n [2020], quoting People v Thomas, 34 NY3d 545, 561 [2019]). Accordingly, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d at 256; People v Cherry, 166 AD3d at 1221).
Given the valid appeal waiver, defendant's claim that he was denied the effective assistance of counsel is precluded except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea (see People v Taft, 169 AD3d 1266, 1267 [2019], lv denied 33 NY3d 1074 [2019]; People v Jeske, 55 AD3d 1057, 1058 [2008], lv denied 11 NY3d 898 [2008]). To that extent, however, the absence of an appropriate postallocution motion renders the matter unpreserved (see People v Johnson, 170 AD3d 1274, 1275 [2019]; People v Dickerson, 168 AD3d 1194, 1194-1195 [2019]; People v Muller, 166 AD3d 1240, 1241 [2018]). To the extent that defendant alleges that counsel failed to adequately explain the terms of the plea agreement with him or properly review all available evidence, such claims implicate matters outside of the record and, therefore, are more properly the subject of a CPL article 440 motion (see People v Snare, 174 AD3d 1222, 1223 [2019], lv denied 34 NY3d 984 [2019]; People v Muller, 159 AD3d 1232, 1233 [2018]; People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]).
Egan Jr., J.P., Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment and order are affirmed.