People v Bass (2020 NY Slip Op 08129)





People v Bass


2020 NY Slip Op 08129


Decided on December 31, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 31, 2020

111006

[*1]The People of the State of New York, Respondent,
v
Jacob Bass, Appellant.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Adam G. Parisi, Schenectady, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Michele A. Bowen of counsel), for respondent.



Lynch, J.P.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered October 9, 2018, convicting defendant upon his plea of guilty of the crimes of criminally negligent homicide and reckless driving.
During the late afternoon of December 8, 2015, defendant was seen driving his vehicle erratically. Shortly thereafter, defendant crossed the center line of the road and collided
head-on with an approaching vehicle, killing the driver. Defendant, who was not under the influence of drugs or alcohol at the time of the accident, was unable to recall how the accident occurred due to a head injury he sustained, but he is believed to have fallen asleep while driving. Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminally negligent homicide and reckless driving. Defendant then pleaded guilty to both charges pursuant to a plea agreement that included a waiver of the right to appeal. In accordance with the terms of the plea agreement, the People recommended that defendant be sentenced to five years of probation on the criminally negligent homicide conviction — with the possibility that, if successful on probation, the People would join in a motion to allow defendant to withdraw his guilty plea thereto and be allowed to plead guilty to assault in the third degree with a three-year period of probation. As for the reckless driving conviction, the People recommended a one-year conditional discharge and a fine. County Court, which made no sentencing commitment, sentenced defendant to the maximum prison term of 1&frac13; to 4 years on the criminally negligent homicide conviction and the maximum jail term of one year on the reckless driving conviction, to run concurrently, as well as the maximum permissible aggregate fine of $6,000. Defendant appeals.
We are unpersuaded by defendant's contention that he did not knowingly and voluntarily waive his right to appeal. The record reflects that County Court explained the nature of an appeal and informed defendant that the right to appeal was separate and distinct from the rights automatically forfeited by the guilty plea. The court advised defendant that a few appeal rights survive the appeal waiver, and "generally involve [c]onstitutional issues," but otherwise he would be waiving his right to appeal to the fullest extent allowed by law. Defendant acknowledged that he understood the nature of the appeal waiver and was voluntarily waiving his right to appeal. In addition, defendant executed a written waiver of the right to appeal, acknowledging that he had read and reviewed it with counsel and understood its terms. The written waiver advised defendant that "[t]here are limited appeal rights which the law does not allow [him] to waive," but expressly encompassed defendant's right to challenge the severity of the sentence. Despite the court's inaccurate explanation as to the scope of the appeal waiver, we are satisfied that neither the court's [*2]advisement nor the language contained in the written appeal waiver indicates an absolute bar or overly broad restriction of the scope of the appeal waiver (compare People v Thomas, 34 NY3d 545, 566 [2019]). In view of the foregoing, we find that defendant's waiver of the right to appeal was knowing and voluntary (see People v Pugliese, 185 AD3d 1358, 1359 [2020]; People v White, 185 AD3d 1355, 1356 [2020]; People v Sabin, 179 AD3d 1401, 1402 [2020], lv denied 35 NY3d 995 [2020]). Given the valid appeal waiver, defendant's challenge to the harshness of the sentence is foreclosed (see People v Pugliese, 185 AD3d at 1359; People v White, 185 AD3d at 1356).
Clark, Mulvey and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.