People v Hemingway (2021 NY Slip Op 01446)





People v Hemingway


2021 NY Slip Op 01446


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

110494

[*1]The People of the State of New York, Respondent,
v
Tyvon Hemingway, Also Known as 7 Minute Man, Appellant.

Calendar Date: February 8, 2021

Before: Clark, J.P., Aarons, Pritzker and Colangelo, JJ.


Linda B. Johnson, Albany, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Rensselaer County (Young, J.), rendered December 8, 2017, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
In 2016, defendant was charged in a 12-count indictment with, among other things, criminal sale of a controlled substance in the second degree after he sold drugs to a confidential informant. In 2017, he was charged in a single-count indictment with criminal possession of a weapon in the second degree. In satisfaction of both indictments, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree, and purported to waive his right to appeal. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to seven years in prison followed by three years of postrelease supervision on the controlled substance conviction, and to seven years in prison followed by five years of postrelease supervision on the weapon conviction, which sentences were to run concurrently. Defendant appeals.
We affirm. Initially, we find no merit to defendant's claim that his waiver of the right to appeal was invalid. At the outset, County Court advised defendant that the appeal waiver was part of the plea agreement and, after explaining the trial-related rights that he was forfeiting by pleading guilty, the court informed him that the right to appeal was separate and distinct from those rights (see People v Burnett, 186 AD3d 1837, 1837-1838 [2020], lvs denied 36 NY3d 969, 970 [2020]; People v Williams, 185 AD3d 1352, 1353 [2020], lv denied 35 NY3d 1116 [2020]). Defendant indicated that he understood the ramifications of the waiver and was giving up his right to appeal both the conviction and sentence. He then executed a written waiver in open court after reviewing it with counsel and stated that he understood the waiver form and signed it voluntarily (see People v Purnell, 186 AD3d 1834, 1834 [2020], lv denied 36 NY3d 975 [2020]; People v Pugliese, 185 AD3d 1358, 1359 [2020]). Under the circumstances presented, and given that we discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]; People v Barrales, 179 AD3d 1313, 1314 [2020]), we conclude that defendant's combined oral and written waiver of the right to appeal was knowing, voluntary and intelligent (see People v Burnett, 186 AD3d at 1838; People v Purnell, 186 AD3d at 1834). In view of his valid appeal waiver, defendant is precluded from challenging the severity of the sentence (see People v White, 185 AD3d 1355, 1356 [2020], lv denied 36 NY3d 977 [2020]; People v Williams, 185 AD3d at 1353).
Defendant further contends that his guilty plea should be vacated as it was not knowing, voluntary and intelligent. Although not precluded by his valid appeal waiver, defendant [*2]has failed to preserve this claim for our review as the record does not disclose that he made an appropriate postallocution motion, and the narrow exception to the preservation requirement was not triggered by the statements that he made during the plea colloquy (see People v Rodriquez, 185 AD3d 1233, 1235 [2020], lv denied 36 NY3d 975 [2020]; People v Anderson, 184 AD3d 1020, 1021 [2020], lvs denied 35 NY3d 1064, 1068 [2020]). For the same reason, his claim that he was denied the effective assistance of counsel — to the extent that it impacted the voluntariness of his plea — has also not been preserved (see People v Dickerson, 168 AD3d 1194, 1195 [2019]; People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]). Insofar as defendant asserts that counsel did not diligently investigate his case, this concerns matters outside the record that is more properly the subject of a CPL article 440 motion (see People v Blanchard, 188 AD3d 1414, 1416 [2020]; People v Muller, 159 AD3d 1232, 1233 [2018]).
Clark, J.P., Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.