People v Kidd (2022 NY Slip Op 06197)

People v Kidd

2022 NY Slip Op 06197

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

113299
[*1]The People of the State of New York, Respondent,
v
Sean Michael Kidd, Appellant.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Rensselaer County (Debra J. Young, J.), rendered June 2, 2021, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
At approximately 12:30 a.m. on November 5, 2018, a 2003 Mazda ProtÉgÉ and a 2017 Jeep Wrangler travelling in opposite directions on U.S. Route 20 in the Town of Schodack, Rensselaer County collided head on. The driver of the Mazda was killed, while defendant, the driver of the Jeep, walked away unscathed. Defendant admitted to a responding officer that he had been drinking, failed field sobriety tests and eventually submitted to a chemical breath test that revealed his blood alcohol content to be .018% as of 4:55 a.m. that morning. Defendant was charged later that day in a felony complaint with vehicular manslaughter in the first degree and in misdemeanor informations with aggravated driving while intoxicated and driving while intoxicated. On November 6, 2018, he was arraigned in a local criminal court and held for action of the grand jury.
The investigation into the accident subsequently suggested that the deceased driver had also consumed alcohol on the night in question and may not have been in the proper lane of travel at the time of the accident. On April 2, 2019, after the People learned that State Police investigators would be delayed in completing the accident reconstruction report, they alerted defense counsel to the situation and asked that defendant waive his speedy trial rights in view of the possibility that the case "may be resolved without a felony" depending upon the findings of the report. Defendant agreed to do so and, on April 8, 2019, granted a waiver set to expire on June 30, 2019. The report was not completed during that period, and the People failed to either seek an extension of the waiver or obtain an indictment against defendant. In November 2019, defendant moved to dismiss the charges against him on statutory speedy trial grounds. In a January 15, 2020 order, County Court found that the unavailability of the accident reconstruction report and the toxicology report on the deceased driver required to complete it, notwithstanding the People's diligent efforts to obtain both, constituted exceptional circumstances and that the period after June 30, 2019 was not chargeable to the People for speedy trial purposes (see CPL 30.30 [4]). The court therefore denied the motion and directed that the People provide the accident reconstruction report on or before January 29, 2020.
The State Police accident reconstruction report was completed on January 29, 2020 and determined that the primary cause of the collision was the deceased driver's unsafe lane change, with his drug and alcohol use serving as contributing factors. On February 3, 2020, an indictment was handed up charging defendant with aggravated driving while intoxicated and driving while intoxicated. Following a successful effort to suppress his breath test results, defendant [*2]agreed to plead guilty to driving while intoxicated and waive his right to appeal in return for a sentence of three years of probation. County Court imposed the agreed-upon sentence, and defendant appeals.
Initially, we reject defendant's contention that the alleged mischaracterizations made regarding the nature of his appeal waiver when the terms of the plea agreement were placed on the record rendered that waiver invalid. County Court went on to explain to defendant during the plea colloquy that his right to appeal was separate and distinct from the trial-related rights forfeited by his guilty plea but that he was expected to waive that right in return for the contemplated plea and sentence, then made clear that the waiver did not preclude him from raising a number of issues on appeal. Defendant acknowledged that he had discussed the matter with counsel, understood his right to appeal and was willing to waive it. He then assured County Court that he had gone over the detailed written waiver with counsel and had understood its terms when he voluntarily signed it. In view of the foregoing, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Hemingway, 192 AD3d 1266, 1266-1267 [3d Dept 2021], lv denied 37 NY3d 956 [2021]; People v Crossley, 191 AD3d 1046, 1046 [3d Dept 2021], lv denied 37 NY3d 991 [2021]). Defendant's valid appeal waiver precludes his argument that he was denied his statutory right to a speedy trial (see People v Rivera, 201 AD3d 1132, 1133-1134 [3d Dept 2022]; People v Votaw, 190 AD3d 1162, 1164 [3d Dept 2021], lv denied 36 NY3d 1101 [2021]).
His related claim that he was deprived of the effective assistance of counsel — founded upon trial counsel's failure to renew the motion to dismiss on statutory speedy trial grounds once the accident reconstruction report was received — is both unpreserved given defendant's apparent failure to raise the issue in an appropriate postallocution motion and precluded by his appeal waiver in the absence of any allegation "that the claimed ineffectiveness induced an otherwise knowing and voluntary guilty plea" (People v Slingerland, 101 AD3d 1265, 1267 [3d Dept 2012] [internal quotation marks and citation omitted], lv denied 20 NY3d 1104 [2013]; see People v Major, 176 AD3d 1257, 1258 [3d Dept 2019], lv denied 34 NY3d 1017 [2019]). In any event, we perceive nothing ineffective in defense counsel's strategic decision to forgo an effort to revisit a speedy trial issue that stood little chance of success and instead focus upon a successful suppression motion and the negotiation of a favorable plea agreement (see e.g. People v Miller, 199 AD3d 1058, 1060-1061 [3d Dept 2021], lv denied 37 NY3d 1147 [2021]; People v Pentalow, 196 AD3d 871, 871-873 [3d Dept 2021]).[FN1]
Garry, P.J., Lynch, Clark and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The ability of defense counsel to negotiate that plea agreement was likely aided by the conclusions of the accident reconstruction report, the delays in completion of which caused the preindictment delay in this matter.