People v Defelice (2023 NY Slip Op 02562)

People v Defelice

2023 NY Slip Op 02562

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

113490
[*1]The People of the State of New York, Respondent,
v
Robert J. Defelice, Appellant.

Calendar Date:April 21, 2023

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Matthew C. Hug, Albany, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Daniel W. Johnson of counsel), for respondent.

Appeal from a judgement of the County Court of Tompkins County (Joseph R. Cassidy, J.), rendered April 21, 2022, convicting defendant upon his plea of guilty of the crime of aggravated vehicular homicide.
Defendant was charged in a four-count indictment with various crimes stemming from a motor vehicle accident in which he drove his car while intoxicated and crossed the fog line, striking multiple pedestrians, which resulted in the death of one child and injuries to another. In satisfaction of the indictment,[FN1] and in exchange for a promised sentencing cap of 7 to 21 years in prison, defendant pleaded guilty to aggravated vehicular homicide and waived his right to appeal both orally and in writing. County Court subsequently sentenced defendant, in accordance with the plea agreement, to a prison term of 7 to 21 years. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal is invalid. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily. And though a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (People v Lopez, 6 NY3d 248, 256 [2006] [internal citations omitted]; accord People v Streater, 207 AD3d 952, 952 [3d Dept 2022], lv denied 39 NY3d 942 [2022]). The record here reflects that County Court advised defendant that an appeal waiver was a term of the plea agreement, described the separate and distinct nature of the right to appeal from those rights automatically forfeited by pleading guilty, and explained that some appellate rights would nevertheless survive the appeal waiver (see People v Gincerowski, 205 AD3d 1152, 1153 [3d Dept 2022]; People v Carl, 188 AD3d 1304, 1307 [3d Dept 2020], lv denied 37 NY3d 954 [2021]). The court, having also permitted defendant multiple opportunities to confer with counsel, thereafter confirmed defendant's understanding of the waiver and that he did not have any further questions. At the end of the plea allocution, defendant and his counsel signed a written waiver of appeal in open court that similarly explained the nature of the rights to be waived, confirmed that the same had been discussed with counsel and that, despite the waiver, some appellate rights remained. Although defendant was not asked to confirm on the record that he had reviewed the written waiver with counsel, which is the better practice, we find that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Votaw, 190 AD3d 1162, 1163-1164 [3d Dept 2021], lv denied 36 NY3d 1101 [2021]). Defendant's challenge to the severity of his sentence is thus precluded by his valid appeal waiver[*2](see People v Bass, 189 AD3d 1977, 1978 [3d Dept 2020], lv denied 36 NY3d 1095 [2021]; People v Nichols, 155 AD3d 1186, 1187 [3d Dept 2017]).
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: It appears from the record that defendant's plea was also made in satisfaction of an additional, unrelated matter.