People v Sitts (2024 NY Slip Op 05605)

People v Sitts

2024 NY Slip Op 05605

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

113164
[*1]The People of the State of New York, Respondent,
v
James C. Sitts, Appellant.

Calendar Date:October 15, 2024

Before:Clark, J.P., Pritzker, Lynch, Fisher and Powers, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Otsego County (John F. Lambert, J.), rendered August 2, 2021, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.
Defendant was charged in a six-count indictment with two counts of burglary in the second degree, grand larceny in the third degree and three counts of grand larceny in the fourth degree. Following numerous unsuccessful motions to, among other things, dismiss the indictment on speedy trial grounds, defendant ultimately pleaded guilty to the reduced charge of attempted burglary in the second degree and agreed to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of five years, to be followed by five years of postrelease supervision. Defendant appeals.

We affirm. Contrary to defendant's contention, the record reflects that his waiver of his right to appeal is valid. The combined oral waiver and written waiver, which defendant read and reviewed with counsel during the plea allocution,[FN1] made clear that the appeal waiver was separate and distinct from the rights waived by defendant's guilty plea and that certain nonwaivable appellate rights survived, enumerating specific examples. Defendant assured County Court that he had sufficient time to confer with counsel and understood the nature and ramifications of the waiver. Upon review, we are satisfied that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Pepe, 229 AD3d 1007, 1007-1008 [3d Dept 2024]; People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024]; compare People v Mitchell, 228 AD3d 997, 998 [3d Dept 2024]; People v Thompson, 157 AD3d 1141, 1141 [3d Dept 2018]). Given the valid appeal waiver, defendant's challenge to the perceived severity of the sentence is precluded (see People v Pepe, 229 AD3d at 1008; People v Brunson, 185 AD3d 1300, 1300 [3d Dept 2020], lv denied 36 NY3d 928 [2020]), as is his assertion that he was denied his statutory right to a speedy trial (see People v Wint, 222 AD3d 1050, 1051 [3d Dept 2023], lv denied 41 NY3d 945 [2024]; People v Kidd, 210 AD3d 1148, 1149-1150 [3d Dept 2022], lv denied 39 NY3d 1073 [2023]; People v Dennis, 206 AD3d 1369, 1371 [3d Dept 2022]).
Clark, J.P., Pritzker, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant read and reviewed with counsel the written appeal waiver during the plea allocution, assuring County Court that he had no questions and understood its contents, it was not executed until counsel again reviewed it with defendant at sentencing.