People v Snipes (2025 NY Slip Op 06363)

People v Snipes

2025 NY Slip Op 06363

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CR-23-0238 CR-23-0239
[*1]The People of the State of New York, Respondent,
v
Najji Snipes, Appellant.

Calendar Date:October 3, 2025

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Mackey, JJ.

Stephen J. Carney, Clifton Park, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Melissa K. Swartz of Cambareri & Brenneck, Syracuse, of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Rensselaer County (Jennifer Sober, J.), rendered January 18, 2023, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree, and (2) from a judgment of said court, rendered January 18, 2023, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In 2022, defendant was charged in a two-count indictment with two counts of assault in the second degree and subsequently charged in a superior court information (hereinafter SCI) with attempted assault in the first degree. At a combined plea proceeding to resolve the pending accusatory instruments, defendant executed in open court a waiver of indictment and consent to be prosecuted by SCI, thereafter pleaded guilty to attempted assault in the first degree as charged in the SCI and waived his right to appeal both orally and in writing. In satisfaction of the indictment, defendant pleaded guilty to assault in the second degree and again waived his right to appeal both orally and in writing. At sentencing, and consistent with the terms of the plea agreements, defendant was sentenced, as a second felony offender, to a term of imprisonment of eight years, to be followed by five years of postrelease supervision, for the attempted assault in the first degree conviction and to a lesser concurrent sentence for the assault in the second degree conviction. Defendant appeals from both judgments of conviction.
We affirm. Our review of the record reflects that County Court advised defendant that waivers of the right to appeal were part of the plea agreement, and defendant affirmed his understanding thereof (see People v Wheeler, 221 AD3d 1349, 1350 [3d Dept 2023]; People v Blanchard, 188 AD3d 1414, 1415 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]). County Court explained to defendant during the plea colloquy that his right to appeal was separate and distinct from the trial-related rights forfeited by his guilty plea and that he was expected to waive that right in return for the contemplated pleas and sentences. The court also made clear that the appeal waivers did not preclude him from raising certain enumerated issues on appeal. Defendant also reviewed the written waivers of appeal with his counsel, signed them and acknowledged that he understood the written waivers and agreed to be bound by them. Although the written waivers contained some overbroad language when read in isolation, the oral and written waivers clearly reflect that the counseled defendant was aware of the fact that not all appellate rights can be waived, and we are satisfied that "defendant understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d 545, 561 [2019]; see People v Blanchard, 188 AD3d at 1415). In view of the foregoing, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Kidd, 210 AD3d 1148, 1149 [3d Dept 2022], lv denied 39 [*2]NY3d 1073 [2023]; People v Hemingway, 192 AD3d 1266, 1266-1267 [3d Dept 2021], lv denied 37 NY3d 956 [2021]; People v Blanchard, 188 AD3d at 1415). As such, defendant's contention that the sentences are unduly harsh or severe is foreclosed (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Dobbs, 217 AD3d 1276, 1277 [3d Dept 2023]).
Garry, P.J., Aarons, Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.