People v Austin (2025 NY Slip Op 06365)

People v Austin

2025 NY Slip Op 06365

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CR-24-0546 CR-24-0562
[*1]The People of the State of New York, Respondent,
v
Deion Austin, Appellant.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Michael Allain of counsel), for respondent.

Clark, J.P.
Appeals (1) from a judgment of the County Court of Rensselaer County (Jennifer Sober, J.), rendered August 25, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree, and (2) from a judgment of said court, rendered August 25, 2023, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In 2021, defendant was charged in an 11-count indictment with five counts of criminal contempt in the first degree and one count each of criminal mischief in the fourth degree, aggravated harassment in the second degree, burglary in the first degree, criminal possession of a weapon in the third degree, menacing in the second degree and assault in the third degree. Defendant was subsequently charged in a May 2023 superior court information (hereinafter SCI) with criminal possession of a weapon in the second degree. At a combined plea proceeding to resolve the pending accusatory instruments, defendant executed in open court a waiver of indictment and consent to be prosecuted by SCI relative to the weapon possession charge, pleaded guilty to criminal possession of a weapon in the second degree as charged in the SCI, and waived his right to appeal both orally and in writing. In satisfaction of the indictment, defendant pleaded guilty to criminal contempt in the first degree and again waived his right to appeal both orally and in writing. At a combined sentencing proceeding, and consistent with the terms of the plea agreements, defendant was sentenced, as a second felony offender, to a prison term of 6½ years, to be followed by five years of postrelease supervision, for the criminal possession of a weapon in the second degree conviction and to a lesser concurrent sentence for the criminal contempt in the first degree conviction. Defendant appeals from both judgments of conviction.
We affirm. Our review of the record reflects that County Court advised defendant that waivers of the right to appeal were part of the plea agreement, and defendant affirmed his understanding thereof (see People v Wheeler, 221 AD3d 1349, 1350 [3d Dept 2023]; People v Blanchard, 188 AD3d 1414, 1415 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]). County Court explained to defendant during the plea colloquy that his right to appeal was "separate and distinct" from the trial-related rights forfeited by his guilty plea and that he was expected to waive that right in return for the contemplated plea and sentence. The court also made clear that the appeal waivers did not preclude him from raising certain enumerated issues on appeal. Defendant also reviewed the written waivers of appeal with his counsel, signed them, acknowledged that he understood the written waivers and agreed to be bound by them. Although the written waivers contained some overbroad language when read in isolation, the oral and written waivers clearly reflect that defendant was aware of the fact that not all appellate rights [*2]can be waived, and we are satisfied that "defendant understood the distinction that some appellate review survived" (People v Thomas, 34 NY3d 545, 561 [2019]; see People v Blanchard, 188 AD3d at 1415). In view of the foregoing, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Kidd, 210 AD3d 1148, 1149 [3d Dept 2022], lv denied 39 NY3d 1073 [2023]; People v Hemingway, 192 AD3d 1266, 1266-1267 [3d Dept 2021], lv denied 37 NY3d 956 [2021]; People v Blanchard, 188 AD3d at 1415). As such, defendant's assertion that the sentence is unduly harsh or severe is foreclosed (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Dobbs, 217 AD3d 1276, 1277 [3d Dept 2023]). Defendant's claim that his pleas were not knowingly, voluntarily and intelligently entered survive the valid waivers of the right to appeal but were not preserved for our review by an appropriate postallocution motion to withdraw his guilty pleas, despite ample opportunity to do so, and the narrow exception to the preservation rule has not been triggered (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v James, 215 AD3d 1176, 1177 [3d Dept 2023], lv denied 40 NY3d 935 [2023]; People v Steinard, 210 AD3d 1202, 1202-1203 [3d Dept 2022]; People v Aponte, 190 AD3d 1031, 1032 [3d Dept 2021], lv denied 37 NY3d 953 [2021]).
"Given the valid appeal waiver[s], defendant's claim that he was denied the effective assistance of counsel is precluded except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea" (People v Blanchard, 188 AD3d at 1415-1416 [citations omitted]). "To that extent, however, the absence of an appropriate postallocution motion renders the matter unpreserved" (id. at 1416 [citations omitted]). As to the balance of defendant's ineffective assistance of counsel claim, including his contentions that counsel pressured him to plead guilty, failed to adequately explain the terms of the plea agreement, rendered inadequate advice and/or failed to explain the effect of an appeal waiver, such claims implicate matters outside of the record and, therefore, are more properly the subject of a CPL article 440 motion (see People v Nunnally, 224 AD3d 992, 994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).
Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgments are affirmed.