People v Bridges (2025 NY Slip Op 07349)

People v Bridges

2025 NY Slip Op 07349

Decided on December 31, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 31, 2025

113285
[*1]The People of the State of New York, Respondent,
vIsaiah Bridges, Appellant.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Emmalynn S. Blake, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Melissa K. Swartz of Cambareri & Brenneck, Syracuse, of counsel), for respondent.

Powers, J.
Appeal from a judgment of the Supreme Court (Andrew Ceresia, J.), rendered August 30, 2021 in Rensselaer County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In satisfaction of a seven-count indictment and any uncharged drug sales by defendant occurring in Rensselaer County, defendant pleaded guilty to criminal possession of a weapon in the second degree, agreed to waive his right to appeal and executed a voluntary forfeiture agreement consistent with the terms of the plea agreement. In accordance with the terms of the plea agreement, Supreme Court sentenced defendant, as a second felony offender, to a prison term of five years, to be followed by five years of postrelease supervision. In addition, Supreme Court ordered forfeiture of $500 based upon defendant's execution of a voluntary forfeiture agreement and, denying defendant's request for a waiver, imposed mandatory surcharges and fees. Defendant appeals.
Initially, we are unpersuaded that defendant's waiver of his right to appeal is invalid. The record reflects that defendant was advised that the waiver of his right to appeal was a condition of the plea and was separate and distinct from those rights automatically forfeited by pleading guilty, which defendant acknowledged he understood. In addition, defendant executed a written appeal waiver in open court — which written waiver set forth certain rights that survived and indicated that he had discussed the matter with counsel and understood its contents — and assured the court that he was voluntarily waiving his right to appeal. Based thereon, we are satisfied that the combined oral and written waiver satisfy the requirements of a valid appeal waiver (see People v Blanchard, 188 AD3d 1414, 1415 [3d Dept 2020], lv denied 36 NY3d 1055 [2021]; People v Gumbs, 182 AD3d 701, 701-702 [3d Dept 2020], lv denied 35 NY3d 1066 [2020]; see also People v Sanchez, 241 AD3d 1675, 1676 [3d Dept 2025], lv denied ___ NY3d ___ [Nov. 24, 2025]; People v Kidd, 210 AD3d 1148, 1149 [3d Dept 2022], lv denied 39 NY3d 1073 [2023]).
To the extent that defendant challenges the agreed-upon amount of civil forfeiture, such contention "is waived both by his written forfeiture stipulation and his valid appeal waiver" (People v Delosh, 227 AD3d 1276, 1277 [3d Dept 2024]; see People v Vellon, 128 AD3d 1274, 1275 [3d Dept 2015], lv denied 26 NY3d 1043 [2015]; compare People v Gaddy, 221 AD3d 1351, 1352 [3d Dept 2023], lv denied 41 NY3d 983 [2024]). Defendant's challenge to the denial of his request that the mandatory surcharges be waived is also precluded by the valid appeal waiver (see People v Perez, ___ AD3d ___, ___, 2025 NY Slip Op 06188, *1 [2d Dept 2025]; People v Delosh, 227 AD3d at 1277; People v Cota, 136 AD3d 1116, 1117 [3d Dept 2016]).
Garry, P.J., Aarons, Pritzker and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.