People v Rich

2026 NY Slip Op 03335

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Gabriel M. Rich, Appellant.

Decided and Entered:May 28, 2026

CR-24-0486

Calendar Date: April 22, 2026

Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for appellant.

Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

[*1]

Corcoran, J.

Appeal from a judgment of the County Court of St. Lawrence County (Gregory Storie, J.), rendered August 11, 2023, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, as well as an unrelated pending charge of criminal possession of a controlled substance in the third degree in St. Lawrence County, defendant pleaded guilty to criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced, as a second felony offender, to seven years in prison, to be followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal both orally and in writing. Prior to sentencing, defendant was arrested in Onondaga County on various charges, which included criminal contempt in the first degree and endangering the welfare of a child. Notwithstanding the new charges, County Court thereafter imposed the agreed-upon sentence of seven years in prison, to be followed by three years of postrelease supervision. Defendant appeals.

We affirm. Contrary to his contention, defendant's waiver of the right to appeal is valid. "County Court advised defendant that the waiver of the right to appeal is separate and distinct from those rights automatically forfeited by his guilty plea and explained that, although the appeal waiver gives up the right to have an appellate court consider most claims of error, certain specified rights survive — which, upon inquiry by the court, defendant affirmed he understood. In addition, defendant executed a comprehensive written appeal waiver form . . . and assured the court that he had reviewed it with counsel, understood it and had no questions" (People v Berry, 236 AD3d 1199, 1200 [3d Dept 2025] [citations omitted], lv denied 44 NY3d 1064 [2026]). In view of the foregoing, we find that defendant's waiver of his right to appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Mathous, 228 AD3d 1140, 1140 [3d Dept 2024]). Defendant's valid appeal waiver forecloses his challenge to the severity of the agreed-upon sentence (see People v Pepe, 229 AD3d 1007, 1008 [3d Dept 2024], lv denied 43 NY3d 946 [2025]; People v Jones, 229 AD3d 1005, 1006 [3d Dept 2024]).

"Given the valid appeal waiver, defendant's claim that he was denied the effective assistance of counsel is precluded except insofar as the alleged ineffectiveness could be construed to have impacted upon the voluntariness of his plea" (People v Blanchard, 188 AD3d 1414, 1415-1416 [3d Dept 2020] [citations omitted], lv denied 36 NY3d 1055 [2021]). "To that extent, however, the absence of an appropriate postallocution motion renders the matter unpreserved" (id. at 1416 [citations omitted]). Moreover, insofar as defendant's plea is concerned, the narrow exception to the preservation requirement was not triggered as defendant made no [*2]statement during the plea proceeding that " 'clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea' " (People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *1 [2026], quoting People v Lopez, 71 NY2d 662, 666 [1988]).

As to the balance of defendant's ineffective assistance of counsel claim, including his contentions that counsel failed to adequately pursue certain motions, pressured him to plead guilty, failed to adequately explain the terms of the plea agreement and rendered inadequate advice, such claims implicate matters outside of the record and, therefore, are more properly the subject of a CPL article 440 motion (see People v Nunnally, 224 AD3d 992, 994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]; People v Loya, 215 AD3d

1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]).

Aarons, J.P., Reynolds Fitzgerald, Powers and Ryba, JJ., concur.

ORDERED that the judgment is affirmed.